**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSE LUIS VASQUEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-13-CV-119-KC** |
| | § | **EP-11-CR-2896-KC** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

**ORDER**

On this day, the Court considered Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Motion"), ECF No. 60.[1] By the Motion, Petitioner challenges his conviction on the grounds that his counsel ("Counsel") rendered ineffective assistance. *See* Mot.[2] 5-14. For the following reasons, the Court **DENIES** the Motion in its entirety.

## I. BACKGROUND

On November 22, 2011, a grand jury charged Petitioner with importation of a controlled substance and possession of a controlled substance with intent to distribute. ECF No. 9. Petitioner later signed a plea agreement (the "Plea Agreement"), ECF No. 48, in which he agreed to plead guilty to the importation count in exchange for dismissal of the possession count. *See* Plea Agreement 1. Petitioner, Counsel, and the Assistant United States Attorney assigned to the Case signed the Plea Agreement. *See id.* at 8.

[1] For the purposes of this Order, all docket entries refer to the criminal case EP-11-CR-2896-KC (the "Case") unless otherwise noted.

[2] The Court refers to the pagination assigned to the Motion by the Court's electronic docketing system, rather than the internal pagination assigned by Petitioner.

At a plea hearing on July 12, 2012, United States Magistrate Judge Richard P. Mesa engaged in a colloquy with Petitioner. *See* Plea Hr'g Tr., July 12, 2012, ECF No. 74. Petitioner affirmed to Judge Mesa that he understood his questions and was competent to plead guilty. *See id*. at 6. Petitioner further affirmed that Counsel had answered all of Petitioner's questions about the Case. *See id*. at 4. Petitioner additionally affirmed that he needed no further information from Counsel and desired to ask him no further questions before pleading guilty. *See id*. Petitioner also affirmed that he freely and voluntarily signed the Plea Agreement after Counsel had explained the Plea Agreement's terms to him. *See id*. at 8. Petitioner additionally affirmed that he understood that, following his guilty plea, a probation officer would prepare a presentence report (the "PSR") that he could review with Counsel. *See id*. at 12. Petitioner then pleaded guilty to the importation offense. *See id*. at 15. Petitioner finally affirmed that he had nothing further that he wished to inform the Court. *See id*. at 25. Judge Mesa then recommended that this Court accept Petitioner's guilty plea. *See* ECF No. 52.

This Court held a sentencing hearing on September 27, 2012. *See* Sentencing Hr'g Tr., Sept. 27, 2012, ECF No. 65. In a colloquy with the Court, Petitioner affirmed that he understood that United States Probation had prepared a PSR that placed him at a Total Offense Level of 23 with a Criminal History Category of I. *See id*. at 2-3. Counsel then affirmed to the Court that he received a copy of the PSR, reviewed it with Petitioner, and had no objections or factual corrections. *See id*. at 3. The Court then sentenced Petitioner to 120 months of incarceration, eight years supervised release, a $1,000 fine, and a $100 special assessment. *See id*. at 4-5; *accord* ECF No. 57.

Petitioner filed the Motion on April 12, 2013. Petitioner then filed two interlocutory appeals on June 10, 2013 and June 14, 2013, which the United States Court of Appeals for the

Fifth Circuit denied for lack of jurisdiction. *See* ECF Nos. 76, 78, 89.

On February 25, 2014, the Court held an evidentiary hearing (the "Evidentiary Hearing") to determine whether Counsel advised Petitioner of his appellate rights and whether Petitioner expressed to Counsel a desire to appeal his sentence. *See* ECF No. 90. Petitioner and Counsel both testified at the Evidentiary Hearing. The Court also accepted into evidence transcripts from Petitioner's plea hearing and sentencing hearing, as well as a copy of the Plea Agreement.

## II. DISCUSSION

### A. Standard

After a petitioner has been convicted and has exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)). Accordingly, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)). Typically, before a court will grant relief pursuant to § 2255, the petitioner must establish that "(1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

Moreover, a collateral challenge to a conviction or sentence should not serve as a substitute for a direct appeal. *Frady*, 456 U.S. at 165; *United States v. Shaid*, 937 F.2d 228, 231

(5th Cir. 1991). When raising issues of jurisdictional or constitutional magnitude for the first time in a motion seeking collateral relief, a petitioner must either: (1) demonstrate "cause" for not raising the issue on direct appeal and "actual prejudice" resulting from the error, or (2) show that he is "actually innocent" of the crime for which he or she was convicted. *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999). The cause and actual prejudice standard is "significantly more rigorous than even the plain error standard . . . applied on direct appeal." *Gaudet*, 81 F.3d at 589. If the petitioner does not meet either burden, then he or she is procedurally barred from attacking his conviction or sentence. *United States v. Drobny*, 955 F.2d 990, 994-95 (5th Cir. 1992). This procedural bar does not apply, however, to claims alleging ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500, 508 (2003).

The United States Constitution's Sixth Amendment guarantees an accused the right to the assistance of counsel for his or her defense in all criminal prosecutions. U.S. Const. amend. VI. Moreover, "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). "[I]neffective assistance claims are ordinarily brought for the first time on collateral review because of the difficulty of compiling an adequate record by the time of direct appeal." *Gaudet*, 81 F.3d at 589 n.5. To obtain relief on an ineffective assistance of counsel claim, a petitioner must demonstrate both (1) that his "counsel's performance was deficient[,]" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). A failure to establish either prong of this test requires a court to find that counsel's performance was constitutionally effective. *See Strickland*, 466 U.S. at 687 ("Unless a defendant makes both showings, it cannot

be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

The test's performance prong centers on whether counsel's assistance was reasonable in light of all the circumstances at the time of counsel's conduct. *See Strickland*, 466 U.S. at 688 ("The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."). In order to obtain relief, a petitioner must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In assessing whether a particular counsel's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

A deficiency in counsel's performance, even if professionally unreasonable, does not necessarily equal ineffective assistance of counsel; the petitioner must also demonstrate actual prejudice. *See id.* at 691-92 ("The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."). The test's prejudice prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Because Petitioner appears pro se, the Motion is "entitled to a liberal construction that includes all reasonable inferences which can be drawn from" it. *United States v. Peralta-Ramirez*, Criminal No. H-04-0150-06, Civil Action No. H-07-4582, 2008 WL 4630369, at *2 (S.D. Tex. Oct. 16, 2008) (citing *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997)). However, even a pro se litigant must provide sufficient facts in support of his or her claims; "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *accord Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

**B. Analysis**

The Motion alleges that Counsel provided constitutionally ineffective assistance by failing to (1) consider that Petitioner did "not understand or function well in [a] non-hispanic society" and consult with him accordingly; (2) inform Petitioner of various aspects of his Case; or (3) discuss the PSR with him. *See* Mot. 5-14. Additionally, although Petitioner's arguments regarding the issue are somewhat unclear, the Court construes the Motion to challenge Counsel's failure to file a notice of appeal. *See id*. at 6.

**1. Counsel's failure to appeal**

Petitioner argues that Counsel rendered ineffective assistance by failing to fulfill his "expectation [that C]ounsel would appeal [his] sentence." Mot. 6. When a petitioner argues that his or her counsel provided ineffective assistance for failing to file an appeal, the court first inquires whether counsel

> consulted with the defendant about an appeal . . . If counsel has consulted with the defendant, [then] . . . [c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. If counsel has not consulted with the defendant, the court must in turn ask . . . whether counsel's failure to consult with the defendant itself constitutes deficient performance.

*Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000) (internal citations omitted).

"Consulted" in this context means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*. Then, to determine whether counsel's deficient performance prejudiced the petitioner, the Court inquires *not* whether the ultimate result of the criminal proceeding would have differed had counsel filed a notice of appeal – as the Court would for most other ineffective assistance of counsel claims – but rather whether "there is a reasonable probability that, but for counsel's deficient failure to consult with [the petitioner] about an appeal, he [or she] would have timely appealed." *Id*. at 484-86.

Where the record does not conclusively show whether the petitioner requested that his or her counsel file an appeal, the court holds an evidentiary hearing to determine, by a preponderance of the evidence, whether counsel consulted with the petitioner regarding his or her appellate rights and, if so, whether the petitioner requested that counsel file an appeal. *See United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007); *Camacho v. United States*, Nos. EP–07–CV–338–KS, EP–06–CR–2265–KC, 2009 WL 1783704, at *3 (W.D. Tex. Apr. 30, 2009). As noted above, the Court held the Evidentiary Hearing to take evidence on this issue and assess the credibility of both Petitioner and Counsel.

Counsel testified to the following facts at the Evidentiary Hearing: Counsel advised Petitioner at the beginning of the Case about the advantages and disadvantages of taking an appeal. Counsel further explained to Petitioner that signing the Plea Agreement would waive his

appellate rights on all but a limited number of grounds. Petitioner nonetheless informed Counsel that he wished to plead guilty, sign the Plea Agreement, and thereby waive his appellate rights. Petitioner at no point expressed to Counsel any desire to appeal the Case.

Petitioner testified to the following version of the facts: Counsel never informed Petitioner about his appellate rights. Petitioner nonetheless became aware of his appellate rights when Judge Mesa and this Court engaged in a colloquy with him at the plea hearing and the sentencing hearing, respectively. After sentencing, Petitioner made attempts to inform Counsel of his desire to appeal, but ultimately was unable to communicate these wishes to Counsel.

The Court finds Counsel's testimony to be credible. By contrast, the Court finds that Petitioner's testimony was evasive, inconsistent, and disingenuous, and therefore incredible. The Court therefore finds that Counsel fully informed Petitioner of his appellate rights, and that Petitioner expressed no desire to Counsel that he file an appeal.

Thus, the Court concludes that Counsel adequately consulted with Petitioner about his appellate rights and made a constitutionally sufficient effort to discover Petitioner's wishes on the matter. *See Flores-Ortega*, 528 U.S. at 478. The Court further concludes that Counsel did not disregard any direct or indirect instruction from Petitioner to file an appeal in the Case. *See id*. Petitioner's ineffective assistance of counsel claim therefore fails to the extent it challenges Counsel's decision not to file an appeal. *See id*. The Court accordingly denies the Motion to that extent.

### 2. Petitioner's culture and language arguments

Petitioner argues that he is "illiterate in English" and "do[es] not understand or function well in non-hispanic society," and was therefore unable to understand the questions and admonitions of counsel and the Court at any stage of the Case. *See* Mot. 5-6. Petitioner therefore

argues that Counsel rendered ineffective assistance by failing to ensure that Petitioner understood the import of his actions throughout the Case. *See id.* As the Court explains below, Petitioner's argument fails on numerous grounds.

First, Petitioner has failed to demonstrate prejudice; namely, he has not identified any way in which the result of the Case would have changed if Counsel had acted differently or if Petitioner was represented by an attorney more attuned to Petitioner's cultural and linguistic background. *See Strickland*, 466 U.S. at 694. Instead, Petitioner flatly states that he did not "understand what was at stake or being asked" at various unidentified stages of the proceeding and that he failed to receive "vital answers" to certain unidentified questions. *See* Mot. 6. Such "conclusory allegations . . . are insufficient to raise a constitutional issue." *Pineda*, 988 F.2d at 23 (citing *Woods*, 870 F.2d at 288 n.3); *accord Ross*, 694 F.2d at 1011.

Second, at the plea hearing, Petitioner repeatedly affirmed under oath that Counsel had answered all of his questions, that he understood the Court's questions, that he freely and voluntarily entered the Plea Agreement fully understanding its contents, and that he nonetheless desired to plead guilty without asking any further questions of Counsel or the Court. Plea Hr'g Tr. 4, 6, 8, 23-25. Petitioner later affirmed under oath at his sentencing hearing that he understood the sentence range he faced. Sentencing Hr'g Tr. 2-3. Having affirmed under oath that he fully understood the import of his guilty plea, Petitioner cannot now argue that he "did not in fact understand what was at stake or being asked." Mot. 6; *see United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) ("[A] defendant ordinarily will not be heard to refute her testimony given at a plea hearing while under oath. 'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'") (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); citing *United States v.*

*Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985)).

Third, the evidence presented at the Evidentiary Hearing established that Counsel advised Petitioner in both English and Spanish, and that Counsel is fluent in both languages. The Court therefore finds that Counsel was sufficiently attuned to Petitioner's cultural and linguistic background to represent him effectively.

Fourth, and most importantly, the record completely belies Petitioner's argument that he is not attuned to the culture and language of the United States and its legal system. Petitioner did not require the assistance of an interpreter at the plea hearing, the sentencing hearing, or the Evidentiary Hearing. Petitioner gave germane and coherent responses in English to the questions posed by the government, the Court, and Petitioner's new counsel appointed for the purposes of the Evidentiary Hearing. Petitioner further admitted at the Evidentiary Hearing that he was born in the United States, attended high school in El Paso, received a degree in Business Management from the University of Texas at El Paso, owned his own business in the United States, filed for bankruptcy in the United States, and wrote the Motion with no assistance. Petitioner is also no stranger to the criminal justice system, having previously pleaded guilty to four felonies in Texas state court. Consequently, Petitioner's assertions that he is "illiterate in English," is "functionally illiterate in all but the most basic matters," has "the equivalent of less than grade school education [sic]," does "not understand or function well in non-hispanic society," and lacks the ability to understand legal terms and concepts, are completely unbelievable. *See* Mot. 5-6. Indeed, Petitioner, when pressed by the Court at the Evidentiary Hearing, admitted that these statements are hyperbole at best and deliberate falsehoods at worst. For these reasons, the Court rejects Petitioner's claim on this ground.

**3. Counsel's alleged failure to inform Petitioner about various aspects of the Case**

Although Petitioner's argument on this score is not particularly clear, Petitioner appears to argue either that Counsel undertook no steps to prepare for trial or that Counsel failed to apprise Petitioner of any trial preparations. *See* Mot. 8-9. Petitioner therefore argues that Counsel was ineffective. *See id*. Again, this argument fails because Petitioner has failed to identify how the result of the criminal proceeding would have changed if Counsel had acted differently. *See Strickland*, 466 U.S. at 694; *United States v. Smith*, 915 F.2d 959, 963 (5th Cir. 1990); Mot. 8-9. As such, Petitioner cannot show prejudice, so his claim fails. *See Strickland*, 466 U.S. at 694.

The same is true of Petitioner's arguments that Counsel failed to (1) make Petitioner "aware of any investigation or discovery;" (2) discuss "relevant factors or ramifications;" (3) inform Petitioner of "any review undertaken or analysis of the government[']s case;" (4) inform Petitioner of the identity of the Assistant United States Attorney or the judge assigned to the Case; and (5) discuss the strengths and weaknesses of the Case with Petitioner. *See* Mot. 10-11. Petitioner does not identify any way in which the result of the Case would have differed if Counsel had fully apprised Petitioner of this information. *See id*. Because Petitioner cannot show he was prejudiced by Counsel's representation, his claim fails.[3] *See Strickland*, 466 U.S. at 694.

**4. Counsel's alleged failure to review the PSR with Petitioner**

Petitioner argues that Counsel rendered ineffective assistance by failing to review the PSR with him and explain its import. *See* Mot. 12-14. Again, Petitioner's argument fails because

[3] Moreover, although the focus of the Evidentiary Hearing was primarily to evaluate Petitioner's argument that Counsel failed to advise Petitioner of his appellate rights, rather than to assess Petitioner's other claims in the Motion, the Court notes that all the credible evidence presented at the Evidentiary Hearing indicates that Counsel communicated fully with Petitioner about all the details of the Case, and prepared diligently for the various stages of the Case. As such, the Court doubts that Petitioner could establish that Counsel's performance was constitutionally deficient in any respect, even assuming Petitioner could satisfy the prejudice element. *See Strickland*, 466 U.S. at 687-89.

he does not identify any errors in the PSR that his independent review could have corrected, or any way in which the result of the Case would have differed if Counsel had reviewed the PSR with him. *See id*. As such, Counsel's alleged error did not prejudice Petitioner. *See Strickland*, 466 U.S. at 694; *Smith*, 915 F.2d at 963.

Moreover, the record belies Petitioner's assertion that he was unaware of the contents and importance of the PSR. *See* Mot. 12-14. At his plea hearing, Petitioner affirmed to Judge Mesa that he understood that (1) a probation officer would prepare a PSR after the Court entered Petitioner's guilty plea; (2) Petitioner and Counsel would receive a copy of the PSR; (3) Petitioner would have the opportunity to make corrections to the PSR; and (4) the Court would then sentence Petitioner based in part on the information contained in the PSR. *See* Plea Hr'g Tr. 12. Petitioner later affirmed at his sentencing hearing that he understood that a probation officer had in fact prepared a PSR that placed him at the applicable offense level. *See* Sentencing Hr'g Tr. 2-3. Counsel then affirmed that he had reviewed the PSR with Petitioner and had no objections or factual corrections to the PSR. *See id*. at 3. As a result, Petitioner cannot now argue the contrary. *See Cervantes*, 132 F.3d at 1110 ("[A] defendant ordinarily will not be heard to refute her testimony given at a plea hearing while under oath. 'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'") (quoting *Blackledge*, 431 U.S. at 73-74; citing *Fuller*, 769 F.2d at 1099). Moreover, the evidence presented at the Evidentiary Hearing also confirms that Counsel reviewed the PSR with Petitioner and that Petitioner understood and accepted its contents. Petitioner's claim therefore fails. *See Beasley v. United States*, No. 2:10CR78–SA, 2013 WL 6632063, at *6 (N.D. Miss. Dec. 17, 2013).

As a result of the foregoing, the Court denies the Motion in its entirety.

### C. Evidentiary Hearing

28 U.S.C. § 2255(b) provides that

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b)

As noted above, the Court held the Evidentiary Hearing to resolve Petitioner's claim that Counsel failed to advise him of his appellate rights and file an appeal accordingly, and has made findings of fact and conclusions of law with respect to that aspect of the Motion. As for Petitioner's other claims, the Motion and the files and records of the Case conclusively demonstrate that Petitioner is entitled to no relief for the reasons described above, so no additional evidentiary hearing is necessary to rule on those claims. *See Davis v. United States*, Nos. 3:07-CV-1995-P; 3:01-CR-0323-P (03), 2009 WL 3488052, at *9 (N.D. Tex. Oct. 28, 2009); *Peralta-Ramirez*, 2008 WL 4630369, at *11.

### D. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, Petitioner must obtain a certificate of appealability before appealing this Order. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the petitioner to demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336. "A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument." *Peralta-Ramirez*, 2008 WL 4630369, at *12 (citing *Alexander v.*

*Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)).

For the reasons described above, "jurists of reason would not debate whether [Petitioner] has stated a valid claim." *See Peralta-Ramirez*, 2008 WL 4630369, at *12 (citing *Alexander*, 211 F.3d at 898). As a result, the Court sua sponte denies Petitioner a certificate of appealability as to the ineffective assistance of counsel claims rejected in this Order. *See id*. (citing *Alexander*, 211 F.3d at 898).

**III. CONCLUSION**

It is therefore **ORDERED** that the Motion, EP-11-CR-2896-KC, ECF No. 60, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the corresponding civil action, EP-13-CV-119-KC, is **DISMISSED WITH PREJUDICE**. The Court shall separately issue a final judgment. The clerk shall close the case.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED**.

**SIGNED this 26th day of February, 2014.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE